IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED 03 NOV 10  AM 10:47

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Cr. No. 94-20112-(G)B |
| AUBURN CALLOWAY, | |

ORDER DIRECTING CLERK TO FILE
DEFENDANT'S RESPONSE TO AUGUST 18, 2003 ORDER
ORDER DIRECTING CLERK TO OPEN NEW CIVIL CASE
AND
ORDER DIRECTING PLAINTIFF TO COMPLY WITH PLRA
OR PAY FULL $150 CIVIL FILING FEE

On December 20, 1995, defendant Auburn Calloway, Bureau of Prisons inmate registration number 14601-076, an inmate at the United States Penitentiary in Atwater, California, through counsel, filed a motion pursuant to Fed. R. Crim. P. 41(e) in his closed criminal case seeking the return of certain unspecified personal property that was allegedly seized "during the investigation and prosecution of the case and incident to his confinement."[1]  The Court was recently advised that the motion is still pending. Accordingly, on August 18, 2003, an order was issued directing the inmate, in the event he still wishes to pursue this matter, to submit the civil filing fee or file an in forma pauperis affidavit within thirty days. Calloway's copy of this order, which was, for reasons that are not clear, mailed to the United States Penitentiary in Lewisburg, Pennsylvania, was

---

[1] At the time the motion was filed, the case was on direct appeal.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 11-10-03

230

returned by the post office. On September 29, 2003, the Court issued a second order directing the Clerk to mail the August 18, 2003 order to Calloway's correct address and extending the time to respond to that order by thirty days. On October 27, 2003, the Clerk received Calloway's response, which took the form of a personal letter to this judge, as well as a copy of what purports to be an in forma pauperis affidavit that Calloway filed with the Sixth Circuit in connection with a mandamus petition he recently filed challenging the validity of his conviction. The Clerk is ORDERED to docket Calloway's letter and affidavit in this case.

In his letter, the defendant states that "I remain interested in recovering my property from the government, where it is being held without authority of law." However, he asks that his motion be held in abeyance pending a ruling by the Sixth Circuit on his mandamus petition. That request is without merit and is denied. Calloway's motion seeking return of his personal property is separate and distinct from his challenge to his criminal conviction. His motion for return of property is properly docketed as a civil case that will proceed, if Calloway chooses to pursue it, independent of whether or not his criminal case is reopened. Moreover, because the action for return of property is civil in nature, Calloway has no right to appointed counsel.

In light of the defendant's unequivocal representation that he desires to pursue the return of property matter, the Clerk is ORDERED to docket his December 20, 1995 motion as a new civil case.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1)   the average monthly deposits, and

2)   the average monthly balance

for the six months prior to submission of the complaint, and

3)   the account balance when the complaint was submitted.

The affidavit submitted by Calloway does not comply with this Court's April 18, 2003 order or with the PLRA, since it provides no financial information whatsoever but, instead, asserts only that

3

the PLRA is inapplicable to mandamus petitions. Therefore, at the present time, Calloway is not eligible to take advantage of the installment payment procedures of § 1915(b). He is, however, liable for the full $150 filing fee, which accrued at the moment his motion was docketed as a civil action. Accordingly, Calloway is hereby ORDERED to submit either a properly completed in forma pauperis affidavit and trust fund account statement, certified no earlier than thirty days preceding the filing of the complaint, or the full $150 civil filing fee, to the following address within thirty (30) days after the entry of this order:

>   Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If the defendant needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore, 114 F.3d at 605. If Calloway fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. McGore, 114 F.3d at 605. Upon dismissal under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If Calloway timely submits the proper documentation, and the Court finds that he is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, the defendant will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust

4

account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to Calloway's account during the preceding months. These monthly payments, however, will be withdrawn only when Calloway's account balance exceeds $10.

IT IS SO ORDERED this 10th day of November, 2003.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 230 in case 2:94-CR-20112 was distributed by fax, mail, or direct printing on November 10, 2003 to the parties listed.

John T. Fowlkes
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103

Auburn Calloway
ATWATER USP
P.O. Box 01900
Atwater, CA 95301

Honorable J. Breen
US DISTRICT COURT